## BEARY v. HOSTER.

*(Supreme Court, General Term, Fifth Department. June, 1889.)*

1. RIGHT TO JURY TRIAL.
   Plaintiff, when his complaint states two legal causes of action, the only defense to one of which is a general denial, is, as to that issue at least, entitled to a jury trial, though an equitable defense to the other cause of action is interposed.

2. SAME—APPEAL.
   An order denying a jury trial in a legal action affects a substantial right, and is appealable, although the court has discretionary power to frame an issue for a jury in an equity cause, as in an action at law plaintiff's right to a jury trial is absolute.

Appeal from circuit court.

Action by William Beary against John G. Hoster. Defendant moved to strike the cause from the circuit court calendar on the ground that it was not a jury case. This motion was granted, and plaintiff appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*J. Harmon,* for appellant. *C. A. Hawley,* for respondent.

DWIGHT, J. The order seems to have been made on the ground that, the defense being of an equitable nature, the cause could not be tried by a jury. But both causes of action stated in the complaint were purely legal, and the only defense to the first was a general denial. Without examining the pleadings further, it is manifest that upon this issue at least the plaintiff had the

constitutional right to a trial by jury. It is objected that the order is not appealable, because it does not affect a substantial right. Of course it is not contended that the right of trial by jury is not a substantial right, but it is said that that right is not affected, because the plaintiff may still, if he desires it, have issues framed, and the questions of fact determined by a jury. The difficulty with this proposition is that the framing of issues in an equity cause is not a right, but rests entirely in the discretion of the court. So that by the order in this case the plaintiff was deprived of his absolute right to a trial by jury. The order was therefore both erroneous and appealable, and should be reversed. All concur. Order reversed, with $10 costs and disbursements.